**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PHILIP CHARVAT,**

       **Plaintiff,**

   v.                                          **Civil Action 2:20-cv-1064
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson**

**TOMORROW ENERGY CORP., et al.,**

       **Defendants.**

**OPINION AND ORDER**

After the parties informed the Court of a discovery dispute on November 23, 2020, the Court directed the parties to file short position papers. (Doc. 48). The parties complied (Docs. 49, 50), and the dispute is ripe for resolution.

**I.    BACKGROUND**

The December 4, 2020, discovery deadline in this Telephone Consumer Protection Act ("TCPA") case is quickly approaching. Defendants are deposing Plaintiff this week and ask the Court to resolve a discovery dispute beforehand. The parties' dispute is straightforward. Defendants are dissatisfied with Plaintiff's responses to two of Defendants' interrogatories and requests for production. Each requests information regarding Plaintiff's previous TCPA litigation.

**II.    STANDARD OF REVIEW**

While no motion to compel has been filed, the rules that govern such a motion provide guidance on resolving this discovery dispute. Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case." Rule 37 permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a). And it allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3).

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine*, 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

### III. DISCUSSION

Defendants seek Plaintiff to further respond to the following:

<u>Interrogatory No. 10:</u> Identify all persons and entities to whom/which you have sent a communication alleging violation of the TCPA, including the date each communication was sent to that person or entity and the corresponding phone

>number(s) that you contend were called in violation of the law. a complete response must include the identities of all the recipients of the "private" dispute and "'consent' letters" referenced in a September 3, 2020 correspondence to Eric Troutman.
>
>Interrogatory No. 11: State all facts upon which you base your contention that you are a repeat or serial TCPA litigant, but not a professional litigant.
>
>Request for Production No. 12: All the "private" dispute letters and "'consent' letters" referred to in a September 3, 2020 correspondence to Eric Troutman.
>
>Request for Production No. 13: All responses to the "private" dispute letters and "'consent' letters" in the foregoing Request for Production.

(*See* Docs. 49, 50).

Plaintiff contends that these requests are unduly burdensome, "overbroad, not proportional to the claims and defenses at issue in this matter and propounded to harass [him]." (Doc. 50 at 2). Furthermore, he claims this "information is irrelevant to his adequacy as a class representative…" (*Id.* at 3). His contention is that his responses to these requests provide Defendants sufficient information for them to "make whatever arguments it deems necessary." (*Id.*).

Defendants disagree. They contend that "Plaintiff's extensive history with the TCPA … is relevant to the assertions [Plaintiff] makes in his own pleadings." (Doc. 49 at 3). Specifically, they say it is relevant to Plaintiff's assertion that "he is a suitable representative of the class and that his claims are typical of the class." (*Id.* at 1). Defendants also maintain that Plaintiff's responses fail to address, for example, "how many TCPA claims he has made, the names of the cases he has filed, or whether he has a profession other than as a TCPA litigant." (*Id.* at 3).

The parties both cite a 2018 case from this District concerning similar issues in the context of a potential TCPA class action. *See Johansen v. One Planet Ops, Inc.*, No. 16-00121, 2018 WL

1558263 (S.D. Ohio Mar. 5, 2018). In that case, Chief Judge Marbley held that, "[plaintiff's] experience as a repeat TCPA plaintiff does not, in itself, prejudice the class." *Id.* at *4. In coming to this conclusion, the Court analyzed whether plaintiff "lack[ed] a genuine interest in curbing phone calls that invade his privacy," and whether the defendant brought any "defenses specific to [plaintiff] that threaten to become the focus of any future litigation." *Id.* At base, the relevant inquiry is whether plaintiff's experience as a repeat TCPA plaintiff creates a "'serious credibility problem' that would either cause class counsel to 'devote too much attention to rebutting an individual defense' or would 'reduce the likelihood of prevailing on the class claim.'" *Id.* (quoting *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 383 (C.D. Cal. 2016)).

Importantly, however, this case is at a different procedural posture than *Johansen*. There, the Court was ruling on a motion for class certification, well after the discovery deadline had passed. This case on the other hand, is still in its early stages. The discovery deadline has not yet passed, and dispositive motions are not due for another five months. (*See* Doc. 20). So, the question for the purposes of the parties' discovery dispute is simply one of relevance. As noted, relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. And the Court finds that Defendants have shown that this information is, at least for purposes of discovery, relevant.

After reviewing the specific facts at issue, the Court in *Johansen* found "[n]o facts [that] suggest that [plaintiff] lacks a genuine interest in curbing phone calls that invade his privacy" and that defendants had not raised any defenses that threatened to become the focus of any future litigation. *Johansen v. One Planet Ops, Inc.*, No. 16-00121, 2018 WL 1558263, at *4 (S.D. Ohio Mar. 5, 2018). That is not to say that such matters were not relevant. It is to say that, in that

instance, under those facts, experience as a repeat TCPA plaintiff, did not impact *that specific plaintiff's* adequacy in representing a class. (emphasis added). Here, it is unclear whether Plaintiff's experience as a repeat TCPA plaintiff similarly impacts his adequacy in representing a class. Accordingly, the materials Defendants request are relevant in showing the existence, or lack thereof, such an impact.

The Court, however, is mindful of the potential burden on Plaintiff. While Plaintiff must provide more fulsome responses to Defendants' requests, he may limit his responses to encompassing materials created between November 2017–present, if material predating that period is not readily accessible.

For the foregoing reasons, Plaintiff is **ORDERED** to provide complete responses to Interrogatory Nos. 10 and 11 as well as Request for Production Nos. 13 and 14 on or before December 2, 2020. If Plaintiff cannot meet this deadline, he must notify the Court immediately.

IT IS SO ORDERED.


Date: November 30, 2020  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

5