**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PHILIP CHARVAT,**

      **Plaintiff,**

    v.                                      **Civil Action 2:20-cv-1064
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson**

**TOMORROW ENERGY CORP., et al.,**

      **Defendants.**

## ORDER

Defendant Vestra Energy, Inc. ("Vestra") obtained new counsel in December 2020. (*See* Doc. 67). Already, Plaintiff and Vestra are not working together to resolve discovery issues. On January 6, 2021, the Court found that Vestra had shown good cause for not being found in contempt for failing to produce supplemental discovery, noting that Vestra represented that it was working to locate, collect, and produce any outstanding responsive documents and corresponded with third parties and Plaintiff to ensure production. (Doc. 74 at 1). The Court noted its expectation for discovery to proceed smoothly and ordered the parties to file a joint status report addressing the following: which specific discovery requests required Vestra's supplementation; when Vestra anticipated responding to those outgoing requests, and the status of discovery, overall, in this matter. (*Id*. at 2).

It appears that little to no progress has been made in the last two weeks. Instead of a joint status report addressing the Court's requests, the parties filed a fifteen-page status report setting forth each of their respective positions on numerous matters, including Plaintiff and Defendant Tomorrow Energy Corp's settlement, which was not part of the Court's Order. (*See* Doc. 78).

Moreover, the status report demonstrates that the parties are not working together. For example, Plaintiff notes that it seeks supplemental documents for twelves discovery requests. (*Id*. at 3). It does not, however, specify how Vestra's productions were deficient. Apparently, Vestra is unclear on this point, too, asserting that the purportedly deficient discovery is "a moving target." (*See id*. at 4–5). So Vestra requested, on multiple occasions, to meet and confer with Plaintiff over the phone. (*See id*.). Plaintiff refused, demanding to know when Vestra would supplement the document requests. (*Id*. at 6). Vestra said that is what it wanted to discuss. (*Id*.). And so began a circular and futile correspondence between the parties. (*Id*. at 6–7). Similarly, the parties could not agree on case deadlines or how this case should proceed while Vestra's Motion to Dismiss pends. (*See id*. at 7–11).

It appears, from the parties' status report, that discovery in this case must be managed differently. To start, Plaintiff and Vestra are **ORDERED**, within seven (7) days of the date of this Order, to meet and confer using videoconference technology. Plaintiff and Vestra devoted numerous pages of their status report to whether they were required to or already satisfied their obligation to meet and confer. That is not the point of the meet and confer requirement. Rather, under this Court's Local Rule 37.1, the parties must meaningfully confer on each issue and involve the Court only once they have exhausted their efforts. It is clear that has not been happening.

To ensure they are complying with their obligations under this rule, Plaintiff and Vestra are **ORDERED** to file weekly status reports, beginning on February 1, 2021. A few parameters for these reports. To start, the status reports are to be joint and no longer than four double-spaced pages. A fifteen-page status report detailing each party's position is inefficient. Moving forward, Plaintiff and Vestra shall provide an overview of the outstanding discovery in this case and the progress they are making to produce that discovery. Further, they shall describe how they have worked together to resolve any disputes. If disputes remain, Plaintiff and Vestra shall inform the Court of their specific efforts to resolve them extrajudicially.

2

Plaintiff and Vestra—not the Court are in the best position to resolve many, if not all, of the disputes raised in their status report. The Court expects to see meaningful progress and cooperation in the next status report.

IT IS SO ORDERED.


Date: January 21, 2021             /s/ Kimberly A. Jolson
                                   KIMBERLY A. JOLSON
                                   UNITED STATES MAGISTRATE JUDGE