# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| PHILIP CHARVAT, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TOMORROW ENERGY CORP., f/k/a SPERIAN ENERGY CORP., VESTRA ENERGY, INC., and SEAN GROVE, <br><br> Defendants. | Case No. 2:20-cv-01064-ALM-KAJ <br><br> Chief Judge Algenon L. Marbley <br><br> Magistrate Judge Kimberly A. Jolson |
| TOMORROW ENERGY CORP., a Nevada corporation, <br><br> Crossclaimant, <br><br> vs. <br><br> VESTRA ENERGY, INC., a Wyoming corporation, and SEAN GROVE, an individual, <br><br> Cross-Defendants. | |

## JOINT STATUS REPORT

As required by this Court's January 21, 2021 Order (ECF No. 79), Plaintiff Philip Charvat (the "Plaintiff" or "Mr. Charvat"), and Defendants/Cross-Defendants Vestra Energy, Inc. ("Vestra") submit this status report.

As required by this Court's Order, the Plaintiff and Vestra conducted a videoconference meet and confer on January 26, 2021. During that conference, counsel for the Plaintiff answered a series of questions from Vestra regarding the discovery requests that the Plaintiff had previously submitted required supplementation pursuant to this Court's Order (ECF No. 74).

125075644

After Plaintiff provided clarification and additional detail on what he expected in response to many of the requests, Vestra stated it would investigate whether additional documents existed reflecting what Plaintiff provided.  Counsel for Vestra advised that she hoped to have an update during the week of February 1, 2021.

Additionally, based on the conversation between counsel for the parties, the parties agree that they are at an impasse on at least one of the Requests for Production tendered by Plaintiff. The parties briefly address their understanding of that impasse below, and they ask the Court for a conference call to discuss the matter or leave to file briefs articulating their positions.

The parties are scheduled to conduct another videoconference on February 4, 2021 and will submit another status report by February 8, 2021.

**The Specific Discovery Requests from Plaintiff at Impasse**

**REQUEST FOR PRODUCTION NO. 25**: Produce copies of all letters, emails, and other communications between YOU and SPERIAN that relate to placing or transferring calls for YOUR products or services and/or generating leads relating to such calls or transfers.

**RESPONSE:** Objection. The Request is overly broad and unduly burdensome, as Vestra and Sperian communicated daily over a period of several months. Without waiving such objection, see attached.

*Plaintiff:*

As detailed in the prior status reports to this Court, the Plaintiff has attempted to receive a supplement to several discovery requests for months, to no avail. To date, Vestra has still not provided a single document to supplement their responses since the Plaintiff sought this Court's intervention. This is unfortunately more of the same from Vestra.

From the face of the response, Vestra clearly understood that the Plaintiff was seeking correspondence between Vestra and Sperian. Indeed, Vestra *produced* some limited correspondence with Sperian that related to the Plaintif, as it indicates in the response to this

request. Vestra has never supplemented this response, but now takes the position that it does not need to produce anything at all.

As this Court may recall before Vestra's prior counsel sought to withdraw for their client's failure to comply with its discovery obligations, Counsel for Vestra represented to the Court that the Plaintiff had "complied with his meet and confer obligations". During the meet and confer process, counsel for the Plaintiff indicated that if the volume of correspondence was disclosed, he would be willing to consider ESI search term proposals for production.

As this Court may also recall, Mr. Grove appeared *pro se* at a discovery hearing to inform the Court that all of the documents requested by the Plaintiff would be provided by December 18, 2020. As explained by the Plaintiff's December 19, 2020 status report (ECF No. 64), Vestra did not comply. Vestra should not be permitted to recant on its representation to this Court that the documents would be produced.

### ***Vestra Parties:***

Vestra stands on its objections.  First, the Request is overly broad and unduly burdensome because it seeks a whole swath of documents regarding subject matter.  *See, e.g., W. Res., Inc. v. Union Pac. R. R.*, No. 00-2043, 2001 U.S. Dist. LEXIS 24647, at *10 (D. Kan. Dec. 5, 2001) ("Courts may find requests overly broad when they are couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within their scope.  Use of a broad term such as 'relate to' provides no basis upon which a party can reasonably determine what documents may or may not be responsive.")  (quotations, citations, alteration omitted). Second, the Request requires the collection, review, and production of communications that exceed the scope of Fed. R. Civ. P. 26.  This case focuses on Vestra's alleged telemarketing calls related to Sperian's goods and services; the Request, however, seeks information related to

calls made regarding *Vestra's* goods and services, which are not at issue. [*See* Am. Compl. ¶ 49.] ("YOUR" is defined as Vestra.) Because this case does not focus on calls made related to *Vestra's* goods and services, the request is overly broad and unduly burdensome.

Notwithstanding any objections, Vestra produced what it could locate in its possession and control that would relate to Vestra's telemarketing services that may relate to calls made to Plaintiff, while also calls made regarding Vestra's goods and services. As Vestra indicated in past status reports, Vestra believes it has produced all responsive communications in that regard. Nevertheless, counsel for Vestra again advised counsel for Plaintiff that she would confirm with Vestra whether Vestra was still gathering responsive communications, and that counsel for Vestra would provide an update in the parties' next videoconference call.

Vestra notes that Plaintiff referenced "ESI search term proposals" above, even though such proposals were *not* discussed during the parties' January 26, 2021 meet and confer call. Vestra remains open to that remedy, but Vestra is still concerned that Request for Production No. 25, even with the assistance of search term proposals, targets communications that exceed the scope of Fed. R. Civ. P. 26.

Finally, Vestra notes that much of what Plaintiff proffers exceeds the scope of the Court's order. In a concise response: (1) Vestra disagrees with Plaintiff's characterizations regarding prior counsel; (2) although *Mr. Grove* appeared *pro se* at a prior hearing, Vestra could not appear at any hearing because Vestra did not have a legal representative capable of appearing in federal court.

In conclusion, Vestra states that it appreciates Plaintiff's participation during the meet-and-confer videoconference and states that the call was productive and informative. Vestra looks forward to continuing such collaboration moving forward.

Dated: February 1, 2021.

/s/ Anthony I. Paronich
Anthony I. Paronich, *Admitted Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

Brian K. Murphy (0070654)
Email: murphy@mmmb.com
Jonathan P. Misny (0090673)
Email: misny@mmmb.com
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, Ohio 43215
Telephone: (614) 488-0400
Facsimile: (614) 488-0401

*Counsel for Plaintiffs*

DATED: January 29, 2021     DINSMORE & SHOHL LLP

By: /s/ Justin M. Burns
Karen S. Hockstad (OH 0061308), Trial Counsel
Justin M. Burns (OH 0093686)
DINSMORE & SHOHL, LLP
191 W. Nationwide Blvd., Suite 300
Columbus, OH 43215
Telephone:   (614) 628-6880
Facsimile:   (614) 628-6890
Email: karen.hockstad@dinsmore.com
       justin.burns@dinsmore.com

*Attorneys for Defendants Sean Grove and Vestra Energy Corp.*

125075644

**SIGNATURE ATTESTATION**

I attest that concurrence in the filing of this document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

By: */s/ Anthony I. Paronich*
　　　Anthony I. Paronich

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Anthony I. Paronich*
Anthony I. Paronich

125075644