**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PHILIP CHARVAT,**

    **Plaintiff,**

  v.                                                      **Civil Action 2:20-cv-1064
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson**

**TOMORROW ENERGY CORP., et al.,**

    **Defendants.**

**ORDER**

On January 21, 2021, the Court described some of the parties' discovery challenges—particularly their failure to meaningfully meet and confer regarding discovery disputes. (Doc. 79). The Court, therefore, directed them to begin meeting and conferring using videoconference technology and to file weekly status reports. (*Id*.). Based upon their February 1, 2021, joint status report, it appears that the parties have begun to work together. (*See generally* Doc. 80). They met and conferred using videoconference technology on January 26, 2021, regarding Plaintiff's discovery requests to Vestra Energy, Inc. ("Vestra"). (*Id*. at 1).

Yet the parties remain at an impasse regarding one of Plaintiff's requests for production. (*Id*. at 2). Plaintiff requests that Vestra produce "copies of all letters, emails, and other communications between [Vestra] and Sperian [now known as Defendant Tomorrow Energy Corp. ("Tomorrow Energy")] that relate to placing or transferring calls for [Vestra's] products or services and/or generating leads relating to such calls or transfers." (*Id*.). Vestra responds that Plaintiff's request is "overly broad and unduly burdensome." (*Id*. at 3). More specifically, that "[t]his case focuses on Vestra's alleged telemarketing calls related to [Tomorrow Energy's] goods and

services," while the request "seeks information related to calls made regarding Vestra's goods and services, which are not at issue." (*Id*. at 3–4). Thus, it appears that Vestra's argument is also one of relevance.

The Court notes that the Federal Rules of Civil Procedure define relevancy broadly, and according to the Amended Complaint, Tomorrow Energy hired Vestra "to originate new energy leads for its company," which Vestra "generated . . . by making prerecorded telemarketing calls to [Plaintiff's] residential telephone number" in violation of the Telephonic Consumer Protection Act ("TCPA"). (Doc. 23, ¶ 2). So Plaintiff's request, on its face, appears reasonable.

In their joint status report, the parties represent that they are agreeable to meeting and conferring regarding ESI search term proposals. The parties are **ORDERED** to do so in an effort to reach an agreeable compromise regarding Plaintiff's request. They shall update the Court on their agreed plan in their next joint status report.

IT IS SO ORDERED.


Date: February 2, 2021   /s/ Kimberly A. Jolson
                         KIMBERLY A. JOLSON
                         UNITED STATES MAGISTRATE JUDGE