## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **PHILIP CHARVAT, individually, and on behalf of all others similarly situated,** | Case No. 2:20-cv-01064-ALM-KAJ |
| Plaintiff, | CHIEF JUDGE ALGENON L. MARBLEY |
| v. | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| **TOMORROW ENERGY, INC., et. al.** | |
| Defendants. | |

## MOTION TO DISMISS PHILIP CHARVAT'S CLAIMS BY DEFENDANT VESTRA ENERGY, INC. AND SEAN GROVE OR, ALTERNATIVELY, MOTION TO STRIKE CLASS ALLEGATIONS AND REQUEST FOR STAY

Pursuant to Rule 12(b)(1), Defendants Vestra Energy, Inc. and Sean Grove (the "Vestra Defendants") jointly move to dismiss the Amended Complaint [Doc. No. 23] filed by Plaintiff Philip Charvat ("Charvat") for lack of subject matter jurisdiction and mootness.  As explained more thoroughly in the attached Memorandum in Support, Charvat entered into a voluntarily settlement with Tomorrow Energy, Inc. ("Tomorrow"), the claims against the Vestra Defendants are derivative of the claims settled by Tomorrow, and Charvat has been made whole on those claims.

Alternatively, if the Court determines that a live case or controversy still exists as between Charvat and the Vestra Defendants, the Vestra Defendants alternatively move to strike Charvat's class allegations.

1

Respectfully submitted,


/s/Karen S. Hockstad
Karen S. Hockstad (0061308)
Justin M. Burns (0093686)
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Tel:    (614) 628-6980
Fax:    (614) 628-6890
Email: karen.hockstad@dinsmore.com
        Justin.burns@dinsmore.com

*Attorneys for Defendants Vestra Energy,
Inc. and Sean Grove*

## MEMORANDUM IN SUPPORT

Plaintiff Philip Charvat ("Charvat") sued Vestra Energy, Inc. ("Vestra") and Sean Grove (collectively, the "Vestra Defendants"), as well as Tomorrow Energy, Inc. ("Tomorrow"), alleging violations of the Telephone Consumer Protection Act. (the "TCPA").  Charvat alleged that the Vestra Defendants called Charvat on behalf of Tomorrow, and that apparently, the Vestra Defendants' calls violated the TCPA.  Charvat sued Tomorrow under the same theory, alleging that even if the Vestra Defendants made the phone calls at issue, Tomorrow is nevertheless liable.  Recently, Charvat and Tomorrow entered into a voluntary settlement which settlement moots Charvat's claims and eliminates this Court's jurisdiction pursuant to Civ. R. 12(b)(1).  Accordingly, the Vestra Defendants move to dismiss Charvat's Amended Complaint or, alternatively, to strike all class allegations contained therein.

## BACKGROUND

Charvat sued the Vestra Defendants and Tomorrow for allegedly violating the TCPA.  [Am. Compl. Doc. No. 23.]  Charvat's allegations focus on receipt of pre-recorded messages left on his residential phone [Am. Compl. ¶¶ 32-50, Page ID# 120–121.]  Charvat alleges that the calls received were made by the Vestra Defendants on behalf of Tomorrow.  [Am. Compl. ¶¶ 27-30, Page ID# 119–120.]  Charvat does not allege that Tomorrow made phone calls on its own.  Rather, Charvat's theory of liability as to Tomorrow is based solely upon Tomorrow's vicarious liability for calls made on Tomorrow's behalf by the Vestra Defendants.  [Am. Compl. ¶¶ 52, 58-63, Page ID# 122, 123–124.]  In other words, if there is liability for calls, the liability between Tomorrow and the Vestra Defendants would be the same.

Charvat is attempting to represent himself and a class of individuals who allegedly received calls from the Vestra Defendants.  He purports to bring a class on behalf of himself and others, defined as follows:

**Prerecorded Telemarketing Call to Residential Line Class**

All persons in the United States: (a) to whom Vestra Energy, Inc. and/or a third party acting on Vestra Energy, Inc.'s behalf, made one or more non-emergency telephone calls; (b) promoting Tomorrow Energy's products or services; (c) to a residential telephone number; (d) using an artificial or prerecorded voice; and at any time in the period that begin four years before the date of the filing of this Complaint to trial.

[*Id.* ¶ 65.]  As of the date of the settlement, no class was certified and, in fact, Charvat has not moved for class certification.

Recently, Charvat and Tomorrow entered into a voluntary settlement.  [*See* Doc. Nos. 76, 77, 90.]   After the Vestra Defendants demanded supplemental discovery responses from Tomorrow to understand that settlement, Tomorrow produced a supplemental production by which Tomorrow represented the settlement value of its settlement with Charvat.[1]  From the settlement amount, it is clear that Charvat's claims are completely satisfied.

## LEGAL STANDARD

"Where subject matter jurisdiction is challenged pursuant to [Civil Rule]  12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).  Where

---

[1] Tomorrow refused to produce a copy of the settlement agreement by claiming that the agreement itself was confidential.  *But see Noco Co. v. Shenzhen Dika Na'Er E-Commerce Co.*, No. 1:17-CV-02282, 2019 U.S. Dist. LEXIS 231861, at *5 (N.D. Ohio Aug. 27, 2019) ("While the Sixth Circuit recognizes a general 'settlement privilege' that protects settlement *negotiations* from discovery, this privilege does not extend to the terms of the final settlement agreement.") (emphasis supplied); *id.* ("Therefore, as the Settlement Agreement is relevant, unprivileged, and its confidentiality provisions do not shield it from discovery, Plaintiff must produce the Settlement Agreement."). Nevertheless, because Tomorrow represented the figure that allegedly comprises the amount of settlement, the Vestra Defendants will simultaneously file a motion for leave to file a copy of the spreadsheet providing the settlement under seal.  A placeholder is attached hereto as Exhibit A.

4

a Rule 12(b)(1) motion to dismiss is a factual attack based upon subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie.* 15 F.3d 592, 598 (6th Cir. 1994) (citations omitted).  This is in contrast to a facial attack, which questions the sufficiency of the pleading.  In reviewing a facial attack, a trial court must accept the allegations in the complaint as true.  *McGuire v. Ameritech Servs.*, 253 F. Supp. 2d 988, 993-94 (S.D. Ohio 2003).   In contrast, a factual challenge "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*, 287 F.3d at 573.

## ANALYSIS

### I.    Charvat's Amended Complaint Should Be Dismissed Because His Settlement Mooted His Claims and Deprived Him of Standing.

Charvat's Amended Complaint should be dismissed because he lacks standing to maintain claims against the Vestra Defendants.  To sue in federal court, a party must meet the standing requirements in Article III of the Constitution.  Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  Here, this Court lacks subject matter jurisdiction over Charvat's claims because his voluntary settlement with Tomorrow mooted his claims and deprived him of standing.

Article III of the U.S. Constitution limits jurisdiction of federal courts to live cases and controversies.  If a case in a federal court loses its character as an actual, live, controversy at any point during the pendency of the action, the case is moot. *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990); *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009).  When a class plaintiff's claims become moot before a class is certified, dismissal of the action is appropriate. *Brunet v. Columbus,* 1 F.3d 390, 399 (6th Cir. 1993) (citing *Bd. Of Sch. Comm'rs*

*v. Jacobs,* 420 U.S. 128, 95 S. Ct. 553, 42 L.Ed.2d 74 (1975) (*per curiam*)); see also, *Reed v. Heckler,* 756 F.2d 779, 785 (10th Cir. 1985) ('As a general rule, a suit brought as a class action must be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly certified.")  "[T]he Sixth Circuit has repeatedly held that the mooting of a prospective named plaintiff's claim before filing for class certification moots the case." *Wolschlagerv. Law Offices of Mitchell D. Bluhm & Assocs., LLC,* 366 F. Supp.3d 888 (W.D. Mich. 2017), 2017 U.S. Dist. LEXIS 834448 (May 18, 2017).

Charvat's claims, if taken as true, carry a statutory penalty of $500 per violation, which may be trebled at the discretion of the Court.  47 U.S.C. §227(b)(3)(B); *see also Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011) ("We therefore conclude that a person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3)…").  Charvat alleges receipt of three pre-recorded messages placed by Vestra.  [Am. Compl., ¶¶ 34, 36, 43  Doc. 23].  Even assuming, *arguendo*, that each of these calls are actionable (a point the Vestra Defendants dispute), and *even if* Charvat's damages are trebled (another point the Vestra Defendants dispute), Charvat's maximum recovery in this case is ***$4,500*** (three calls at $500 each, trebled).

The law is clear that "the TCPA limits statutory damages to one award per call." *Currier v. PDL Recovery Group, LLC*, No. 14-12179, 2017 U.S. Dist. LEXIS 25240, at *31 (E.D. Mich. Feb. 23, 2017) (citing *Charvat v. GVN Michigan Inc.*, 561 F.3d 623, 630 (6th Cir. 2009).  The settlement between Tomorrow and Charvat, however, exceeds $4,500. [*See* Exhibit A.]  Consequently, Charvat has been made whole, and as the U.S. District Court for the Eastern District of Michigan observed, Charvat cannot receive a double recovery for the same calls.  *See Currier*, 2017 U.S. Dist. LEXIS 25240, at *31–32.  Because Charvat has been made whole, and Charvat cannot be made whole again

without obtaining a double recovery, Charvat's claims have become moot, and thus he no longer has standing to litigate this case. Accordingly, the Amended Complaint should be dismissed for lack of subject matter jurisdiction.

## II.     Even if This Court Determines That it Has Jurisdiction, Charvat's Class Allegations Should Be Dismissed.

Even if the Court determines that it has jurisdiction over Charvat's moot claims, Charvat's class allegations should be stricken as Charvat cannot satisfy the typicality requirement of Rule 23(a).

Rule 23 requires Charvat to meet any number of requirements, most notable of which are typicality and adequacy. Typicality typically focuses on whether a putative class representative's claims are typical of the claims or defenses of the rest of the class. *See also Cohen v. Ameritech Corp.*, No. 02 C 7378, 2003 U.S. Dist. LEXIS 23166, at * 22-23 (N.D. Ill. Dec. 23, 2003) (citation omitted) ("An individual bringing an action on behalf of a class must be a member of the class and 'possess the same interest and suffer the same injury' as members of the class."). The typicality inquiry typically focuses on the relationship between the injury to the representative plaintiffs and the conduct affecting the entirety of the class such that the Court "may properly attribute a collective nature to the challenged conduct." *American Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). "Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Id.* at 1082.

Here, Charvat's claims are no longer typical of the class. Simply put, Charvat has no claim. Charvat has been made whole, and thus he no longer has damages similar to that of the class. *See Briggs v. Adel*, No. CV-18-02684, 2020 U.S. Dist. LEXIS 124514, at *20 (D. Ariz. July 14, 2020) ("The test of typicality is whether other members have the same or similar injury, whether the

action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.") (quotation omitted).

Charvat is also no longer an adequate class representative. Charvat no longer has damages at issue in this litigation, and thus he no longer has an incentive to settle or litigate the claims for all other class members who allegedly still have uncompensated damages. *See Greenberg v. Procter & Gamble Co.*, 724 F.3d 713, 721 (6th Cir. 2013) ("[T]he linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class.") (quotation omitted). This problem is even more pronounced in light of the settlement. Charvat cannot reasonably argue that he has the same incentive to negotiate a settlement or otherwise win the same benefit for the class as he achieved through settlement. *See id.* (discussing the Court's heightened attention to adequacy in the settlement context).

Charvat has not moved for class certification – and he cannot move for that certification now. Charvat no longer has injury, and he can no longer represent the interests of a single member of the putative class. Even if this Court finds that it has jurisdiction to adjudicate Charvat's class, this Court cannot proceed with the class allegations in the Amended Complaint with Charvat as the named representative. Accordingly, the class allegations should be stricken.

## III.    Request for Stay

In its most recent status report, Charvat requested a deposition of Defendant Sean Grove some time in April. Because the Court now lacks subject matter jurisdiction over Charvat's claims, the Vestra Defendants ask for stay of the matter pending resolution of this motion.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket. The entry of an order staying proceedings rests within the discretion of the district court." *Ohio ex. Rel. Brown v. Georgeoff,* 1983 U.S. Dist. LEXIS

8

15492, at *3*) (N.D. Ohio Jul. 13, 1983)* (citing *Landis v. North American Co.*, *299 U.S. 248 (1936)* and *Ohio Environmental Council v. United States District Court*, *565 F.2d 393 (6ᵗʰ Cir. 1977).* A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." In deciding whether a stay is appropriate, the court weighs three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999.

In this case, a stay will not unduly prejudice or present a clear tactical disadvantage to Charvat. The discovery deadline has passed. Despite this, Charvat wishes to depose the Vestra Defendants. If the Court is without subject matter jurisdiction, delaying Charvat's ability to seek leave to depose witnesses beyond the discovery deadline is not a clear tactical disadvantage to Charvat. Even if there is some disadvantage to brief stay, a stay will allow this Court to determine a threshold matter of jurisdiction and simplify questions for trial by eliminating the party and the putative class. Currently, a trial date has not been set and while a dispositive motion deadline is set for July, if the Court determines there is still a live case or controversy before it as between Charvat and the Vestra defendants, there should still be ample time for Charvat to seek leave to depose the Vestra Defendants prior to the dispositive motions filing deadline.

A stay will benefit the Court and the parties by avoiding additional and unnecessary discovery motions. Accordingly, the Vestra Defendants request a stay of the proceedings pending the Court's ruling on whether subject matter jurisdiction no longer exists.

## CONCLUSION

Plaintiff Philip Charvat lacks standing to maintain this action because his claims have been fully satisfied by his voluntary settlement with Tomorrow.  Accordingly, for the reasons above, the Amended Complaint [Doc. No. 23] should be dismissed.  Alternatively, the class allegations in the Amended Complaint should be stricken.  The Vestra Defendants request a stay pending the outcome of this Motion.

Respectfully submitted,

/s/Karen S. Hockstad
Karen S. Hockstad (0061308)
Justin M. Burns (0093686)
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Tel:    (614) 628-6980
Fax:    (614) 628-6890
Email: karen.hockstad@dinsmore.com
          Justin.burns@dinsmore.com

*Attorneys for Defendants Vestra Energy, Inc. and Sean Grove*

## CERTIFICATE OF SERVICE

I certify on March 31, 2021, I presented the foregoing pleading to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/Karen S. Hockstad
Karen S. Hockstad (0061308)