IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PHILIP CHARVAT, individually, and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**TOMORROW ENERGY, INC., et. al.**<br><br>Defendants. | Case No. 2:20-cv-01064-ALM-KAJ<br><br>Judge Algenon L. Marbley<br>Magistrate Judge Kimberly A. Jolson |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL BY DEFENDANTS VESTRA ENERGY, INC. AND SEAN GROVE

Pursuant to the Court's order for a reply on an expedited basis [Doc. No. 97], Defendants Vestra Energy, Inc. and Sean Grove (collectively, the "Vestra Defendants") submit the following reply in support of their Motion to Seal [Doc. No. 92].

### A. The Vestra Defendants Provided Justification for Sealing, But It Appears Tomorrow Energy Has No Argument for a Seal.

The Vestra Defendants' Motion to Seal acknowledged that there is a "heavy" burden when attempting to overcome the presumption of open access to court documents. *See Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-CV-1055, 2021 U.S. Dist. LEXIS 7219, at *3 (S.D. Ohio Jan. 14, 2021) (Jolson, M.J.) (quotation omitted). The Vestra Defendants also acknowledged that they cannot meet that heavy burden alone, which was why the Vestra Defendants made what little argument they could and asked this Court to provide Defendant Tomorrow Energy, Inc. ("Tomorrow Energy") an opportunity to weigh in. Indeed, Tomorrow Energy was the party claiming confidentiality, and thus the Vestra Defendants had to defer to Tomorrow Energy to explain "how its

1

interest [in confidentiality] outweighs the public's right of access to court proceedings" to justify sealing. *See Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010) (analyzing similar situation involving motion to unseal exhibits and Fed. R. Civ. P. 26). Tomorrow Energy had the opportunity to justify sealing, but it appears Tomorrow Energy used that opportunity to criticize the Vestra Defendants instead.

To be clear, the Vestra Defendants do not stand in opposition with Tomorrow Energy with respect to sealing the spreadsheet at issue. It was for that reason that the Vestra Defendants contacted Tomorrow Energy to confirm that Tomorrow Energy would not oppose a Motion for Leave. *See* S.D. Ohio Civ. R. 7.3 ("A party filing any other type of motion to which other parties might reasonably be expected to give their consent" should consult with the other party.). Indeed, there was no reason for Tomorrow Energy to oppose the Motion for Leave – Tomorrow Energy marked the document confidential pursuant to the protective order [Doc. No. 110-3 at p. 5, Page ID# 651], and in light of the designation, the Vestra Defendants would file for leave just as the protective order contemplated. But rather than provide consent to that straight-forward matter, Tomorrow Energy apparently hinged consent on the nature of the dispositive motion and how the spreadsheet would be used. [*See* H. Brown Email (Mar. 30, 2021), Doc. No. 100-3, Page ID# 650–651; *see also id.*, Page ID# 648 (H. Brown questioning why the spreadsheet would be used rather than addressing whether Tomorrow Energy would oppose a motion for leave.] Respectfully, Tomorrow Energy cannot force the Vestra Defendants to divulge its legal strategy while simultaneously demanding, as Tomorrow Energy did in its brief to this Court [Doc. No. 100], that Tomorrow Energy dictate how and when its documents may be used. The spreadsheet and information therein is either confidential or not, and it either meets the requirements for sealing or it does not.

Although the Vestra Defendants and Tomorrow Energy appear to agree that the spreadsheet should be sealed in light of the confidentiality designation under the protective order (at least, the Vestra Defendants believe that to be Tomorrow Energy's position), the Vestra Defendants recognize that they also have an obligation to provide the Court with an assessment of their understanding of the law. For instance, the Vestra Defendants fully acknowledge that citing to a protective order, as Tomorrow Energy has done here, is not a sufficient basis to seal documents. *See, e.g., Comer v. McCracken Cty. Det. Ctr.*, No. 5:18-CV-00020, 2019 U.S. Dist. LEXIS 26445, at *7 (W.D. Ky. Feb. 19, 2019) ("That the documents are covered by a 'mere protective order' or have been designated as confidential by a party is not sufficient reason to seal them from the public after the parties placed the documents in the judicial record."); *Knight v. Provident Life & Acc. Ins. Co.*, No. 3-12-1226, 2013 U.S. Dist. LEXIS 101408, at *2 (M.D. Tenn. July 17, 2013) ("The fact that information is subject to a protective order is not sufficient justification, in and of itself, to make a filing under seal . . . ."). The local rules make that point clear. *See* S.D. Ohio Civ. R. 5.2.1(a) (allowing sealing only "for good cause shown").

As another example, the Vestra Defendants acknowledge that when evidence is used to justify dismissal, as is the case for the information at issue here, the public is "entitled" to assess the merits of the Court's decision because the public has an interest in "ascertaining what evidence and records the District Court . . . relied upon in reaching [its] decision[]." *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). While the Vestra Defendants certainly wish the law to be different so that its burden to obtain a seal is easier to overcome, the Vestra Defendants can only state the law as they understand it.

With that said, the Vestra Defendants ask the Court to seal the spreadsheet and to consider whether the Vestra Defendants' Motion [Doc. No. 92] and Tomorrow Energy's brief [Doc. No. 100]

provide the "reasons and legal citations" necessary to justify sealing. *See Shane Group, Inc.*, 825 F.3d at 305–06 (quotation omitted). The Vestra Defendants cannot carry Tomorrow Energy's water. Tomorrow Energy had the opportunity to cite case law and provide argument to demonstrate that sealing was appropriate, and if Tomorrow Energy squandered that opportunity because Tomorrow Energy instead wanted to cast stones at the Vestra Defendants, then so be it.

**B.     The Vestra Defendants Disagree with Tomorrow Energy's Other Positions.**

This Court invited Tomorrow Energy to submit a brief "in support of sealing." [Notation Order, Doc. No. 94.] Rather than file a brief in support of sealing, Tomorrow Energy used the Court's invitation to criticize the Vestra Defendants and to request sanctions. The Vestra Defendants have no interest in wasting this Court's time and their own legal expenses with a discussion of points irrelevant to whether the information at issue can be sealed under law in the Sixth Circuit. The Vestra Defendants therefore provide a very cursory response below.

**1.     The characterization of "settlement communications" is inaccurate.**

Tomorrow Energy suggests that the spreadsheet was provided "with the understanding that it would be used for settlement discussions, not so that information from it could be made public in a court filing." [Tomorrow Energy Br. at p. 5, Doc. No. 100, Page ID# 634.] The record does not support this position.

First, the spreadsheet was provided in response to a demand for supplementation of past discovery responses from Tomorrow Energy. The demand came through an email from the undersigned, and that email never mentions settlement. Rather than reference settlement, the demand referenced an allegation in Tomorrow Energy's Crossclaim related to Tomorrow Energy's claim for damages, which included a demand for reimbursement from the Vestra Defendants of the settlement amount paid to Plaintiff. The demand for supplementation also referenced two

4

discovery requests that should have resulted in Tomorrow Energy's supplementation of information. [*See* Doc. No. 100-3, ECF Page 6 of 7, Page ID# 652 (J. Burns email (Mar. 12, 2021) requesting information in support of counterclaim and referencing two discover requests).] The email chain references discovery requests and supplementation – not settlement.

Second, the fact that Tomorrow Energy apparently believes that it need not supplement its discovery responses after the discovery cut-off is alarming. Tomorrow Energy filed a Crossclaim against the Vestra Defendants demanding payment of whatever future settlement amount Tomorrow Energy paid to Plaintiff. [Countercla. ¶ 48, Doc. No. 34, Page ID# 226.] Apparently, that settlement did not materialize until <u>after</u> the discovery cut-off of January 18, 2021. [*See* Order, Doc. No. 47 (providing January 18, 2021 as discovery deadline); Notice of Settlement, Doc. No. 13, Page ID# 539 (stating that on January 13, 2021, a settlement agreement was reached "in principle"); Joint Status Report at 2, Doc. No. 78, Page ID# 542 (stating that as of January 20, 2021, Tomorrow Energy and Plaintiff did not anticipate filing a stipulation of dismissal until February 14, 2021).] As soon as Tomorrow Energy had information about that settlement, it was under an affirmative obligation to supplement its past discovery responses rather than wait for the Vestra Defendants to issue that demand or worse, to wait until trial and surprise the Vestra Defendants with the amount. *See* Fed. R. Civ. P. 26(e). The fact that the discovery deadline passed is immaterial. *See, e.g., Bosley v. Velasco*, No. 1:14-CV-00049, 2016 U.S. Dist. LEXIS 154340, at *5 (E.D. Cal. Nov. 7, 2016) ("Rule 26(e) places litigants under an affirmative duty to supplement non-deposition discovery responses, even after the discovery cut-off date."); *Francis v. AIT Laboratories*, No. 1:07-CV-0626, 2008 U.S. Dist. LEXIS 49015, at *3 (S.D. Ind. June 26, 2008 ("Nowhere in [Fed. R. Civ. P. 26(e)] is it stated or implied that the obligation to supplement cease with the passage of the discovery deadline.").

Third, even if the spreadsheet and related email communication were settlement communications (they are not), Tomorrow Energy cannot use settlement as both a shield and a sword. Tomorrow Energy cannot both produce information supporting one of its claims against the Vestra Defendants, all while dictating the terms on which that information can be used. In other words, Tomorrow Energy cannot both assert a claim for damages that includes the settlement amount, all while also claiming that Tomorrow Energy can dictate when, how, and if the Vestra Defendants can use Tomorrow Energy's settlement amount.[1] Tomorrow Energy made the claim, which made the settlement discoverable, and thus Tomorrow Energy cannot now claim that it can dictate how other parties engage in their defense with that discoverable information.

### 2. It appears Tomorrow Energy concedes the settlement amount is not confidential.

Tomorrow Energy has not produced a copy of its settlement agreement, even though the Vestra Defendants maintain that the agreement is responsive and accessible in discovery. Consequently, the Vestra Defendants cannot dispute Tomorrow Energy's position regarding the contents of the agreement. In light of that limitation, the Vestra Defendants offer the following observations.

First, the premise of Tomorrow Energy's criticism and the corresponding request for sanctions is that the settlement amount is confidential. However, Tomorrow Energy conceded that whatever agreement Tomorrow Energy entered into with Plaintiff permitted disclosure of that amount. [*See* Tomorrow Energy Br. at p. 7, Doc. No. 100, Page ID# 636 (stating the settlement

---

[1] Of course, if the spreadsheet was indeed part of a settlement communication, is it unclear why Tomorrow Energy filed a copy of the entire email chain regarding that spreadsheet to its brief. [Doc. No. 100-3.] Tomorrow Energy cannot both claim settlement privilege all while using those same communications freely based on its own terms. Of course, the Vestra Defendants continue to maintain that the existence of the settlement and the settlement value are not privileged, and Tomorrow Energy has still failed to timely supplement its past discovery productions, which includes a copy of the settlement agreement referenced in Tomorrow Energy's brief.

agreement "authorized Tomorrow Energy [to] disclose the monetary term [of the agreement] in connection with its cross-claims against the Vestra Parties only . . . ." (quotation omitted, alternation supplied).] The Vestra Defendants are not parties to whatever agreement Tomorrow Energy has with Plaintiff.  More importantly, there is a serious question about whether the settlement amount is actually confidential in light of the parties' (apparent) agreement that the amount could be disclosed.

Second, it appears that Tomorrow Energy is claiming confidentiality, but only when confidentiality advances Tomorrow Energy's own objectives.  For instance, Tomorrow Energy takes issue with disclosing the settlement amount, but Tomorrow Energy is free to disclose it so long as it advances its Crossclaims against the Vestra Defendants. [*Id.*]  As another example, Tomorrow Energy argues that the non-monetary terms of its settlement agreement with Plaintiff are confidential, but yet Tomorrow Energy had no problem divulging a non-monetary term in its brief while asking the Court to take corrective action. [*Id.* at p. 7, Page ID# 636 (disclosing non-monetary term regarding disclosing settlement amount).]

Tomorrow Energy cannot have it both ways.  The information is either confidential, or it is not.  Of course, the Vestra Defendants acknowledge that whether the information is confidential is not, on its own, justification for sealing within the Sixth Circuit.

### 3. The Vestra Defendants do not support Tomorrow Energy's position that an *in camera* statement is appropriate.

Tomorrow Energy urges the Court to take "corrective action," which apparently includes allowing Tomorrow Energy to provide the full amount of the settlement "to the Court during an *in camera* hearing." [*Id.* at p. 6, Doc. No. 100, Page ID# 635.]  But Tomorrow Energy fails to explain how this Court can shield the settlement amount from public view by holding an *in camera* hearing, all while Tomorrow Energy provides little (if any) argument to support sealing the settlement value

in the spreadsheet. In fact, if Tomorrow Energy met the "heavy" burden to justify sealing the spreadsheet, there is no need for an *in camera* hearing (which also restricts public access to information) to obtain the same information.

> **4. The motion to dismiss need not be placed under seal, though the Vestra Defendants do not oppose the Court placing the motion under a temporary seal until this Court decides the Motion to Seal.**

Tomorrow Energy argues that the Vestra Defendants' motion to dismiss [Doc. No. 93] should have been filed under seal. [Tomorrow Energy Br. at p. 6, Doc. No. 100, Page ID# 635.] To the extent the Court believes it necessary, the Vestra Defendants do not oppose the Court placing that motion under a temporary seal until the Court evaluates whether sealing is appropriate. Of course, Tomorrow Energy's argument misses the point. First, the motion to dismiss does not reveal confidential information as noted above. Second, the motion to dismiss does not reveal the settlement amount, though Tomorrow Energy's brief apparently publicly stipulates to and confirms the essence of the amount, thereby resolving any doubt about the nature of Tomorrow Energy's settlement. Third, Tomorrow Energy failed to explain why the motion to dismiss can be sealed under Sixth Circuit precedent, which as noted above, requires parties to "analyze in detail, document by document, the proprietary of secrecy, providing reasons and legal citations." *Lucid Health, Inc.*, 2021 U.S. Dist. LEXIS 7219, at *3–4 (quotation omitted).

> **5. Sanctions are inappropriate.**

Tomorrow Energy asked this Court to order the Vestra Defendants to "reimburse Tomorrow Energy in the amount of $2,170.00 for its legal fees in having to brief this issue . . . ." [Tomorrow Energy Br. at p. 8, Doc. No. 100, Page ID# 637.] Tomorrow Energy's request should be overruled for several reasons.

First, and perhaps most importantly, the "brief" that Tomorrow Energy filed (which Tomorrow Energy asks this Court to force the Vestra Defendants to pay for) was at the Vestra Defendants' invitation so that Tomorrow Energy had an opportunity to justify why a seal was appropriate. Tomorrow Energy's brief was supposed to focus on why sealing was appropriate. [Notation Order, Doc. No. 94 (allowing Tomorrow Energy to file a "brief in support of sealing").] The fact that Tomorrow Energy spent $2,170 without addressing that focus should not justify a shift of legal expenses.

Second, it appears that Tomorrow Energy has taken the position that a sanction is warranted because the Vestra Defendants should have negotiated strategy with Tomorrow Energy to avoid filing the spreadsheet under seal. Tomorrow Energy represented that "it would have been able to reach a compromise which allowed the Vestra Parties to bring their motion to dismiss while protecting the confidentiality of the information" had the Vestra Defendants divulged their legal strategy and worked with Tomorrow Energy before filing. [Tomorrow Energy Br. at p. 5, Doc. No. 100, Page ID# 634.] Tomorrow Energy's position, however, is one of control. Tomorrow Energy cannot both produce information in discovery (in support of its own claim for damages) while simultaneously dictating how and when that information can be used.

In sum, Tomorrow Energy had the opportunity to justify why sealing the settlement information was appropriate. Tomorrow Energy failed to cite to legal authority, other than by disputing the use of a case example provided by the Vestra Defendants. The Vestra Defendants hoped Tomorrow Energy would provide additional justification for sealing, but instead, it appears Tomorrow Energy balked at that opportunity. At the same time, Tomorrow Energy asks this Court to sanction the Vestra Defendants for even asking this Court to allow Tomorrow Energy to justify sealing. The request is a study in irony, to say the least.

This Court should overrule Tomorrow Energy's request for sanctions and instead, determine whether Tomorrow Energy met its burden to justify sealing of the requested information.

### C. Conclusion

The Vestra Defendants can only do so much to have this Court seal the information at issue. Tomorrow Energy had the opportunity to engage in the necessary balancing test, together with the obligation to provide legal citations and argument for why sealing was appropriate. The matter is now before the Court to determine whether Tomorrow Energy met the "heavy burden to overcome the strong presumption in favor of openness to court records," which this Court recognized in its prior Notation Order. [Doc. No. 94.]

                                                Respectfully submitted,

                                                */s/ Justin M. Burns*
                                                Karen S. Hockstad (0061308)
                                                Justin M. Burns (0093686)
                                                DINSMORE & SHOHL LLP
                                                191 W. Nationwide Blvd., Suite 300
                                                Columbus, Ohio 43215
                                                Tel:   (614) 628-6980
                                                Fax:   (614) 628-6890
                                                Email: karen.hockstad@dinsmore.com
                                                                       Justin.burns@dinsmore.com

                                               *Attorneys for Defendants Vestra Energy,*
                                               *Inc. and Sean Grove*

## **CERTIFICATE OF SERVICE**

I certify on April 6, 2021, I presented the foregoing pleading to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of the filing to all counsel of record.

*/s/ Justin M. Burns*
Justin M. Burns (0093686)
